## Dad's Bottling Co. v. King

*Bresci R. P. Leonard,* for plaintiff.
*Walker & Newman,* for defendant.

LENCHER, P. J., November 17, 1949.—We have heard the arguments of counsel on the petition of defendants praying that the action in assumpsit above entitled be removed to the court of common pleas of our

county, there to be consolidated with certain proceedings in equity at October term, 1949, docket B, no. 3426. It is not denied that defendants here did not meet payment of certain checks given by them to plaintiffs and returned n. s. f. In new matter defendants here set forth, not as a counterclaim, but by way of recoupment, the pendency of an equitable action in common pleas court, in which, as the result of all the dealings by and between the parties, including the delivery of the checks upon which plaintiffs here base their demand in assumpsit, defendants demand an accounting, the declaration of plaintiffs as trustees of certain valuable franchises reputedly held for defendants' benefit and demand at least $7,500 as damages. In the assumpsit demand here plaintiff corporation accords defendants here an unexplained credit in the amount of $441.83. In the equity suit in common pleas court defendants acknowledge as set off in favor of corporation plaintiff here the sums due on the checks.

Plaintiff's counsel resists the petition for removal urging that the delivery of and failure to pay the checks may be so clearly isolated a transaction as to warrant our trial here on the assumpsit demand, a verdict for plaintiff, if rendered, then to follow with our stay of execution until the equity matter is later disposed of in common pleas court. We doubt the wisdom of proceeding here in the face of the admitted facts and circumstances and the inferences and consequences reasonably arising from them. Even under an older practice, assuming that we had first acquired jurisdiction—and that would be by virtue of the filing of the demand based on the checks here a day or two prior to the filing of the equity complaint in common pleas court—our power is clearly inadequate to dispose of the whole controversy. We have no general equity jurisdiction, can compel no accounting except possibly by indirection; our jurisdiction in assumpsit is limited

to $2,500, the reason for the absence of a counterclaim in defendants' new matter in the assumpsit case here filed.

Under the provisions of Pa. R. C. P. 213 (*a*) common pleas court could hold a joint hearing or trial of any or all the matters in issue, if the assumpsit demand were removed to that court, consolidating all of the actions, and then make such orders as would avoid unnecessary cost and delay. Either party could defend in toto or enter a defense pro tanto to the position of the other by way of recoupment, to say the least, since both liquidated and unliquidated damages may be recouped: Northwestern National Bank v. Commonwealth, 345 Pa. 192, 201, 27 A. (2d) 20.

The citations and cases illustrating the older practice (cited in Leonidas v. Carrozza, 66 D. & C. 574, 580) always concerned themselves with the power of the court adequately to consider the whole range of the parties' controversies. Accordingly, we believe it proper to act in accordance with the provisions of Pa. R. C. P. 213 (*d*), which holds:

"(d) When the same transaction or occurrence or series of transactions or occurrences gives rise to more than one cause of action and separate actions are commenced in the Municipal Court of Philadelphia or the County Court of Allegheny County and in the Court of Common Pleas of the county, the action commenced in the Municipal Court or the County Court, as the case may be, shall be transferred to the Court of Common Pleas of the county on the motion of any party in interest in any of the actions."

It will be observed that the requirement for the transfer is simply that the transaction or occurrence or series thereof "gives rise" to more than one cause of action and separate actions are commenced. There is no priority given to the court in which an action was first filed. Part of the rationale behind this new rule is

found in the very fact that, borne out by the close proximity of the dates on which both of these actions were filed, to wit, around the end of September and early in October, parties doubtless meet, their counsel doubtless confer and negotiations and equities are considered pro and con long before either makes a formal demand in any court. It will be seen that rule 213(d) speaks broadly without any concern for set-offs or counterclaims or the formal title of the action itself, trespass or assumpsit. The demands, one in each court having arisen out of the same general occurrence or transaction, removal "shall be".

It will encourage quickly and efficiently one disposition of all related matters in which the parties are involved in one consolidated trial or hearing in common pleas court, sitting in equity; the mandate in the provisions of the Pennsylvania Rules of Civil Procedure is clear. The petition for removal should be granted.